## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

--------------------------------------------------------------------------X

JANE DOE,                                                    Index No.

                              Plaintiff,


              -against-                                       **COMPLAINT**


KEVIN BEAN                                                   Plaintiff Demands
                                                             Trial by Jury
                              Defendant.
--------------------------------------------------------------------------X

      Plaintiff, JANE DOE, as and for her Complaint against the above Defendant respectfully alleges upon information and belief as follows:

### NATURE OF THE CASE

1. Plaintiff complains pursuant to 18 U.S.C.A. §§ 1591, in addition to numerous violations of the laws of Pennsylvania State, and Pennsylvania Common law and seeks damages to redress the injuries Plaintiff has suffered as a result of Defendant Hand's unlawful conduct including assault/battery, negligence and gross negligence, intentional infliction of emotional distress, negligent infliction of emotional distress, and fraud and concealment, as set forth in this complaint.

### JURISDICTION AND VENUE

2. This is an action for monetary damages pursuant to 18 U.S.C.A. §§ 1591 and Pennsylvania law. This Court has jurisdiction herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal question.

3. This Court has supplemental judication over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. §§ 1367(a).

4. Plaintiff further brings her complaint under federal diversity jurisdiction, 28 U.S.C. 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

5. Venue is proper in this district based upon Defendants' principal place of residence within the Commonwealth of Pennsylvania, within the Eastern District of Pennsylvania. Additionally, the events took place in the Commonwealth of Pennsylvania within the Eastern District of Pennsylvania.

## PARTIES

6. Plaintiff JANE DOE (hereinafter referred to as "DOE") is an individual female who is a resident of the State of New Jersey, County of Atlantic.

7. At all times material, Plaintiff was employed by CLUB RISQUE (hereinafter referred to as "RISQUE") was an exotic dancer.

8. Defendant KEVIN BEAN (hereinafter referred to as "BEAN") is an individual man who is a resident of the State of Pennsylvania, residing at 170 Hain Mill Road, Wernersville, Pennsylvania 19565.

## MATERIAL FACTS

9. In or around January 2018, Defendant BEAN entered CLUB RISQUE and purchased a lap dance from Plaintiff.

10. Shortly thereafter, Defendant BEAN demanded that Plaintiff give him fellatio in addition to a private dance.

11. Plaintiff vehemently opposed Defendant BEAN's reprehensible request and informed him that she was only allowed to give him a lap dance.

12. Plaintiff felt a wave of anxiety and depression wash over her. Fearful for her safety, Plaintiff immediately notified Defendant RISQUE's management team of Defendant BEAN's reprehensible request.

13. While giving Defendant BEAN a lap dance, Defendant BEAN took his penis out of his pants and pulled Plaintiff's panties to the side, bringing his penis in direct contact with Plaintiff's bare vagina.

14. Plaintiff begged and pleaded with Defendant BEAN to let go of her and put his penis away, but Defendant BEAN continued to sexually assault Plaintiff.

15. Plaintiff struggled with Defendant and finally managed to get up from his lap. At that point, Plaintiff noticed fluid excreting from Defendant BEAN's penis and immediately felt extremely panicked.

16. Defendant BEAN sexually assaulted Plaintiff.

17. Plaintiff was mortified by the egregious sexually inappropriate behavior of Defendant BEAN.

18. Defendant BEAN then gave Plaintiff his telephone number and offered to take her out to dinner as an apology for sexually assaulting her.

19. On or around the following morning, Plaintiff woke up with an outbreak of painful, swollen blisters on her vagina.

20. In shock, Plaintiff went to see a gynecologist who diagnosed Plaintiff with genital herpes.

21. Prior to the being sexually assaulted by Defendant BEAN, Plaintiff had not tested positive for herpes.

22. Defendant BEAN sexually assaulted Plaintiff resulting in the transmission of a Sexually Transmitted Disease that cannot be cured.

23. Defendant BEAN's vile sexual act left Plaintiff feeling worthless and inhumane and caused Plaintiff extreme emotional anguish.

24. Defendant BEAN's sexually inappropriate behavior caused the activation, aggravation, and exacerbation of Plaintiff's anxiety and depression.

25. In or around that same week, Plaintiff asked Defendant BEAN if he had been diagnosed with herpes.

26. Defendant informed Plaintiff that he indeed did have herpes and was experiencing an outbreak on his genitals the night he forced his bare penis onto Plaintiff's bare vagina.

27. Defendant also stated, "I was also about to cum and I tried to insert my penis in you that night and I was rubbing it on there, don't you remember?"

28. Plaintiff immediately began to cry and exclaimed "SO YOU KNEW YOU HAD HERPES?"

29. Defendant BEAN became irate toward Plaintiff and yelled "EVENTUALLY WE WILL FUCK AND I WOULD HAVE GIVEN IT TO YOU, ANYWAY. HERE, TAKE MY MEDICATION!"

30. Defendant BEAN then violently threw the prescription bottle directly at Plaintiff.

31. To make matters worse, Defendant BEAN went on to state, "Just avoid peanuts and stop stressing the fuck out you will be fine, you're such a drama queen."

32. Plaintiff felt extremely degraded and dehumanized by Defendant BEAN's egregious behavior.

33. Immediately after Defendant BEAN's outrageous comments, Defendant BEAN pleaded with Plaintiff stating, "I love and want a life with you, and I will help you get through this." Additionally, BEAN also handed Plaintiff $2,500.00 cash.

34. Despite his empty promises and affections, Defendant BEAN continued to abuse and manipulate Plaintiff regularly.

35. By way of example, Defendant BEAN forced Plaintiff to quit her job and repeatedly followed her when she went to visit her family.

36. By way of further example, in or around March 2018, Defendant BEAN forced Plaintiff to move into an apartment of his choosing when her lease was up.

37. Defendant BEAN did not allow Plaintiff to have any say-so in where she moved and placed Plaintiff on the lease as an occupant, failing to place her name on the lease.

38. By this time, Defendant BEAN was controlling Plaintiff's every move, perversely manipulating her actions by giving her lump sums of money and promising to be with her in a committed relationship.

39. In an act of further manipulation and abuse, Defendant BEAN forced Plaintiff to get rid of her emotional support animals. BEAN repeatedly threatened, "If you don't get rid of them, I am going to poison them."

40. As a result of Plaintiff's extreme emotional distress and depression, Plaintiff was hospitalized twice for panic attacks.

41. Defendant BEAN's unrelenting control over Plaintiff's life continued to cause Plaintiff extreme emotional anguish, anxiety, and depression.

42. As time went on, Defendant BEAN began forcing Plaintiff to perform fellatio regularly because she had constant herpes outbreaks and was unable to have sex with him.

43. Defendant BEAN also forced Plaintiff to send him nude photos and sexually explicit videos as "payment."

44. Defendant BEAN also repeatedly raped Plaintiff.

45. By way of example, on or about April 2018, Defendant BEAN locked Plaintiff in his bedroom until she "agreed" to have sex with him. When Plaintiff continued to oppose having sex with BEAN, BEAN violently forced his penis into Plaintiff's vagina.

46. Plaintiff was in agonizing and excruciating pain as she was having a painful herpes outbreak. She yelled and screamed for Defendant BEAN to stop raping her and BEAN responded, "just bend over and give me your ass."

47. Defendant BEAN violently raped and sexually assaulted Plaintiff.

48. In or around June 2018, Plaintiff decided to leave Defendant BEAN.

49. Defendant BEAN continued to manipulate and stalk Plaintiff, forcing her to come up with lies in order to escape his constant control.

50. In or around July 2018, Plaintiff received a call that the rent for the apartment that Defendant BEAN had gotten for her had not been paid.

51. Plaintiff contacted BEAN regarding the rent and Defendant BEAN flew into a fit of rage stating, "FUCKING STRIP YOU DUMB WHORE AND PAY THE FUCKING RENT!"

52. The following day, Defendant BEAN coerced Plaintiff into flying to Key West, Florida if she wanted the rent money.

53. Plaintiff reluctantly flew to Key West to collect the rent money from Defendant BEAN.

54. Once Plaintiff arrived in Key West, Defendant BEAN raped Plaintiff.

55. Plaintiff finally escaped and returned to the State of Pennsylvania. Additionally, Plaintiff sought and received an order of protection against Defendant BEAN. To no avail, Defendant BEAN is still an avid threat to Plaintiff.

56. Plaintiff continues to experience this discriminatory treatment at the hands of Defendant who has continued to make Plaintiff's environment hostile and unbearable.

57. Upon information and belief, the discrimination and retaliation will continue after the date of this complaint and Plaintiff hereby makes a claim for all continuing future harassment and retaliation.

58. That as a result of Defendant BEAN's conduct, the Plaintiff was caused to sustain serious and permanent personal injuries, including permanent psychological injuries.

59. Plaintiff suffers from regular panic attacks and nightmares relating to defendant's conduct. Plaintiff is having difficulty sleeping or eating.

60. As a result of defendant's actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed and emotionally distressed.

61. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff also suffered future pecuniary losses, emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

62. As defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands punitive damages as against all the defendants, jointly and severally.

63. Plaintiff fears for her safety as a result of Defendants conduct.

64. The above are just some examples, of some of the outrageous conduct to which defendant subjected Plaintiff.

<u>**AS AND FOR A FIRST CAUSE OF ACTION**</u>
**(Assault and Battery)**

65. Plaintiff incorporates by reference the above allegations as if set forth herein at length.

66. Defendant BEAN sexually assaulted Plaintiff as set forth above, which constituted intentional, unlawful and harmful contact by Defendant BEAN which directly and proximately resulted in injuries to Plaintiff.

67. Defendant BEAN engaged in indecent, illegal and improper sexual touching and other intrusions of Plaintiff without her consent. The wrongful conduct of Defendant BEAN as herein alleged was malicious, oppressive, and fraudulent in nature.

68. At the time, Defendant BEAN had engaged in the above act, she alleges on information and belief, that he had the infectious and incurable venereal disease, Herpes.

69. Defendant BEAN failed to disclose to Plaintiff that he was infected with Herpes.

70. Defendant BEAN engaged in the above-described wrongful conduct with the intent to cause injury to Plaintiff, and with a conscious disregard of the right of Plaintiff and causing Plaintiff injury, such as to constitute malice, fraud and oppression.

71. Defendant BEAN acted with an evil and fraudulent motive and with the intent to vex, injure or annoy Plaintiff, and with conscious disregard of Plaintiff's rights. Defendant BEAN's actions were reprehensible, despicable, and in blatant violation of the law.

72. Defendant BEAN furthermore acted with extreme indifference to Plaintiff's rights.

73. As a result of Defendant BEAN's assaults and batteries, Plaintiff suffered serious and permanent injuries as set forth above.

74. By reason of the foregoing, Plaintiff is entitled to recover all damages, both actual and punitive, from Defendant.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Negligence and Gross Negligence)

75. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

76. Defendant BEAN acted in a negligent and/or grossly negligent manner by having sexual relations with Plaintiff without revealing that he had an STD and by refusing to use proper protective device.

77. Defendant BEAN owed a legal duty to Plaintiff, as a sexual partner, to inform her that he had a sexually transmitted disease prior to engaging in an unprotected sex act.

78. Defendant breached the duty to Plaintiff by failing to inform her that he had a sexually transmitted disease.

79. Defendant BEAN's breach of duty proximately caused injury to Plaintiff, which resulted in the following damages: past and future pain and suffering, past and future mental anguish, medical expenses past and future and punitive damages.

80. Plaintiff seeks damages within the jurisdictional limits of this Court.

81. Plaintiff's injury resulted from Defendant's gross negligence, which entitles Plaintiff to exemplary damages under Pennsylvania law. Plaintiff suffers and will continue to experience extreme pain and suffering; Plaintiff's employment may also be affected; and Plaintiff has been caused to be otherwise damages, including but not limited to loss of wages, medical and related expenses.

82. By reason of the foregoing, Plaintiff is entitled to recover all of her damages, including punitive damages, from Defendant BEAN.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

83. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

84. Plaintiff brings claims against all Defendants for intentional infliction of emotional distress ("IIED") and hold each vicariously liable for the acts of the others.

85. To prove a claim of IIED, the following elements must be established: (1) the conduct must be extreme and outrageous; (2) it must be intentional or reckless; (3) it must cause emotional distress; and (4) that distress must be severe. <u>Hooten v. Penna. College of Optometry</u>, 601 F.Supp. 1155 (E.D.Pa.1984); <u>Hoy v. Angelone</u>, 691 A.2d 476, 482 (Pa.Super. 1997); Restatement (Second) of Torts § 46.

86. During Plaintiffs' employment, Defendant BEAN intentionally and recklessly harassed and inflicted emotional injury on Plaintiff by subjecting her to outrageous treatment beyond all bounds of decency.

87. The conduct of the Defendant, individually, was intentional, personal in nature, retaliatory, extreme and outrageous so as to go beyond all possible bounds of decency.

88. Defendant BEAN abused a relation or position of trust which gave him power to damage Plaintiff. Defendant BEAN acted intentionally and unreasonably with the recognition that his acts were likely to result in illness through mental distress.

89. Furthermore, Defendant BEAN intentionally concealed from Plaintiff that he had a STD, including Plaintiff to engage in sexual activity with him, sexually assaulted Plaintiff, locked Plaintiff in her home for hours, subjected Plaintiff to verbal, physical and psychological abuse, and subjecting Plaintiff to long periods of seclusion.

90. Furthermore, Defendant BEAN knew he had Herpes and failed to advise Plaintiff of that fact in order to induce Plaintiff to have a sexual relationship with him.

91. Defendant regularly abused Plaintiff mentally, physically and verbally during and after sexual contact.

92. Defendant knew that his conduct would cause Plaintiff extreme emotional distress, which it in fact has.

93. Such intentional, extreme and outrageous conduct caused Plaintiff to suffer humiliation, extreme embarrassment, fear for her well-being and safety, and other severe emotional distress and damages.

94. As a result of Defendant BEAN's assaults and batteries, Plaintiff suffered serious and permanent injuries as set forth above.

95. By reason of the foregoing, Plaintiff is entitled to recover all of her damages, including punitive damages, from Defendant BEAN.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress)

96. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

97. Defendant BEAN had a legal duty to refrain from engaging in sexual contact with Plaintiff and a duty of care to ensure that he did not cause sexual, physical, emotional, or phycological harm to her. Defendant BEAN breached that duty by having sexual contact with Plaintiff and infecting her unknowingly with an incurable sexually transmitted illness as alleged hereinabove.

98. Defendant BEAN intentionally concealed from Plaintiff that he had a STD, including Plaintiff to engage in sexual activity with him, sexually assaulted Plaintiff, locked Plaintiff in her home for hours, subjected Plaintiff to verbal, physical and psychological abuse, and subjecting Plaintiff to long periods of seclusion.

99. Defendant BEAN knew he had Herpes and failed to advise Plaintiff of that fact in order to induce Plaintiff to have a sexual relationship with him.

100.      Defendant BEAN had sex with Plaintiff without her consent.

101.      Defendant knew that his conduct would cause Plaintiff extreme emotional distress, which it in fact has.

11

102.     Such intentional, extreme and outrageous conduct caused Plaintiff to suffer

humiliation, extreme embarrassment, fear for her well-being and safety, and other severe

emotional distress and damages.

103.     By reason of Defendant's negligent infliction of emotional distress, Plaintiff has

been damages as aforesaid.

104.     By reason of the foregoing, Plaintiff is entitled to recover all of her damages,

including punitive damages, from Defendant BEAN.

**AS AND FOR A FIFTH CAUSE OF ACTION**
**(Fraud/Concealment)**

105.     Plaintiff repeats and realleges each and every allegation made in the above

paragraphs of this complaint.

106.     Defendant BEAN failed to advise Plaintiff that he had an STD.

107.     Defendant BEAN knew he had Herpes and failed to advise Plaintiff of that fact in order to

induce Plaintiff to have a sexual relationship with him.

108.     Defendant concealed these facts from Plaintiff.

109.     Had Plaintiff known of Defendant Hand's diagnosis, Plaintiff never would have submitted

to a sexual relationship with him.

110.     Had Plaintiff known of Defendant BEAN's pattern of abuse she would have never pursued

a relationship with him.

111.     As a proximate result of Defendant's fraud and material misrepresentation, Plaintiff was

induced to engage in sexual activity with Defendant BEAN, and to suffer injuries as set forth above

from which she will continue to suffer for the rest of her life.

112.     By reason of the foregoing, Plaintiff is entitled to recover all of her damages,

including punitive damages, from Defendant BEAN.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Trafficking Victims Protect Act – 18 U.S.C.A. §§ 1591, 1595)

113.     Plaintiff repeats and realleges each and every allegation made in the above
paragraphs of this complaint.

114.     Plaintiff brings this claim pursuant to all applicable sections of 18 U.S.C.A. §§
1591, 1595 in that "An individual who is a victim of a violation of Section 1589, 1590, or
1591 of title 18, United States Code, may bring a civil action in any appropriate district
court of the United States. The court may award actual damages, punitive damages,
reasonable attorneys' fees, and other litigation costs reasonably incurred." 18 U.S.C.A.
§1595(a).

115.     Defendant knowingly recruited, enticed, harbored, and obtained Plaintiff through
means of force, threats of force, and by a combination of such forceful means, and
attempted to force Plaintiff to engage in an unwanted sexual act for a commercial benefit.

116.     Defendants violated the sections cited hereto and Plaintiff suffered damage as a
result.

### JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant Hand in an amount to be
determined at the time of trial plus interest, including but not limited to all emotional distress and
back pay and front pay, punitive damages, liquidated damages, statutory damages, attorneys'
fees, costs, and disbursements of action; and for such other relief as the Court deems just and
proper.

Dated:        Philadelphia, Pennsylvania
              December 16, 2019

                                        **DEREK SMITH LAW GROUP, PLLC**
                                        **Attorneys for Plaintiff**


                                        By: _____
                                             Caroline Miller, Esq.
                                             1835 Market Street, Suite 2950
                                             Philadelphia, Pennsylvania 19103
                                             (215) 391-4790
                                             caroline@dereksmithlaw.com